IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RICKIE LEE JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0067 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS
PETITION FOR A WRIT OF HABEAS CORPUS**

On February 16, 2005[1], in Cause No. 2:05-CV-0057, petitioner RICKIE LEE JOHNSON filed with this Court a petition for writ of habeas corpus and therein challenged the denial of time credits following the revocation of petitioner's parole on August 27, 2003. On February 25, 2005, in the instant case, petitioner submitted another habeas application which appeared to challenge the exact same issues related to the parole revocation. On May 24, 2005, the United States Magistrate Judge entered a Briefing Order instructing petitioner to distinguish between the two cases, 2:05-CV-0057 and 2:05-CV-0067, and to set forth specifically which grounds he alleges he is being held unconstitutionally in Cause No. 2:05-CV-0067.

On June 6, 2005, the Court received petitioner's Response to Briefing Order. In it, petitioner stated,

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998) ("a *pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing.").

> Thier (sic) is not an intended difference between petition number 2:05-CV-0067, filed March 2, 2005, and petition number 2:05-CV-0057 filed February 22, 2005.
>
> The reason the second petion (sic) was sent to your office later, petition number 2:05-CV-0067, was to make sure I had sent enough coppies (sic) to be properly filed, not to be refiled or to be filed seperatly (sic)....

The Court understands petitioner to say the second petition filed, 2:05-CV-0067, was not intended to be a new application or to raise new claims, but, "was intended only as a copy to petion (sic) number 2:05-CV-0057." As such, it is the opinion of the undersigned that the instant application, Cause No. 2:05-CV0067, be dismissed as duplicative.

## RECOMMENDATION

It is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the petitioner's motion to dismiss be granted and that the petition for a writ of habeas corpus filed by petitioner RICKIE LEE JOHNSON be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner and to counsel of record for respondent by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 7th day of June 2005.

_/s/ Clinton E. Averitte_
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).